IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNSEALED 6/26/06 KJK

SEALED

| UNITED STATES OF AMERICA, | ) |
|---|---|
| v. | ) |
| CRAIG A. HURST, | ) |
| Defendant. | ) |

Criminal Action No. 05- 02 JJF

**FELONY INFORMATION**

F I L E D
JAN 1 8 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

The United States alleges and charges that:

**INTRODUCTION**

At all times material to this Information:

1.   Defendant **CRAIG A. HURST** ("**HURST**") was a resident of Phoenix, Arizona and Vancouver, Canada.

2.   Beginning in or about September 2000, **HURST** and others, stole and altered checks, and then deposited the checks into accounts controlled by **HURST** and others for their financial benefit.

3.   On or about March 30, 2001, Enron issued check number 1000019255 in the amount of $350,116.24, payable to "Prudential Insurance Co. of America" (hereafter, the "Enron check"). The Enron check was drawn on an Enron bank account at Citibank in New Castle, Delaware, and was due to be mailed to Prudential in Atlanta, Georgia.

4.   Sometime after March 30, 2001, Enron check number 1000019255 was stolen.

1

5.  RUSSELL D. BERSCHT ("BERSCHT"), a separately charged co-conspirator, controlled Mansell Investment Corporation Ltd. ("Mansell"), and was its beneficial owner. Mansell was a company registered in the Cayman Islands.

6.  Rurik Trust Company (International) Limited ("Rurik Trust") was a Cayman Islands company that managed an account for Mansell, on behalf of BERSCHT, including depositing of funds and processing of financial transactions. Rurik Trust conducted financial transactions through the Royal Bank of Canada-Cayman ("RBC-Cayman") located in the Cayman Islands.

7.  In or about April 2001, defendant **HURST** and others caused the name of the payee on the Enron check to be altered from "Prudential Insurance Co. of America" to "Manshell Investment Corporation."

8.  On or about April 17, 2001, defendant **HURST** and others sent and caused to be sent a FedEx package from Canada to Rurik Trust containing the stolen and altered Enron check.

9.  On or about April 19, 2001, Rurik Trust deposited the Enron check into Rurik's account at RBC-Cayman for credit to BERSCHT'S Mansell account.

10. On or about April 23, 2001, the stolen and altered Enron check was presented to Citibank for payment and Citibank electronically transferred $350,116.24 from Enron's bank account at Citibank in Delaware to the Rurik Trust account at RBC-Cayman, which was credited to the Mansell account.

11. In or about May 2001, defendant **HURST**, BERSCHT, and others, directed by wire transfers, check drafts and cash withdrawals, the disbursement of proceeds from the Enron check in the Mansell account to **HURST**, BERSCHT, and others.

## Count One

12. Paragraphs 1 through 11 are incorporated herein by reference.

13. From in or about April 2001, to in or about July 2001, in the District of Delaware and elsewhere, defendant **HURST**, BERSCHT, and others, did knowingly and willfully combine, conspire, confederate and agree together and with each other to conduct financial transactions in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I), which transactions involved the proceeds of specified unlawful activity, namely Bank Fraud in violation of Title 18, United States Code, Section 1344, and conducted and attempted to conduct such financial transactions affecting interstate and foreign commerce, namely, the transfer by wire communication in interstate and foreign commerce of funds from the Enron bank account at Citibank in Delaware to RBC-Cayman, and the subsequent disbursement of the fraudulent proceeds from RBC-Cayman, with the intent to promote the carrying on of the specified unlawful activities, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity. In furtherance of the conspiracy, defendant **HURST** committed and caused to be committed the following overt acts, among others:

(A) On or about May 17, 2001, defendant **HURST** and BERSCHT caused a wire transfer of approximately $9,000 from the Mansell account at Rurik Trust to **HURST's** account at TD Canada Trust.

(B) From on or about May 20, 2001, to on or about May 24, 2001, defendant **HURST** traveled to the Cayman Islands and received approximately $9,000 in cash from the Mansell

account at Rurik Trust.

## NOTICE OF FORFEITURE

14. Pursuant to Title 18, United States Code, Section 982(a)(1), a defendant who is convicted of the offense set forth in Count I shall forfeit to the United States the following property:

    a) All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations.

    b) A sum of money in excess of $1,300,000, substantiated in the plea agreement, representing the total loss amount involved in the offense, or conspiracy to commit such offense, for which the defendant is convicted.

15. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant shall forfeit substitute property, up to the value of the amount described in paragraph 13, if, by any act or omission of the defendant, the property described in paragraph 13, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been

commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section 982(a)(1), and Rule 32.2(a), Federal Rules of Criminal Procedure.

COLM F. CONNOLLY
United States Attorney

BY: _____
Raja Chatterjee
Trial Attorney
Criminal Division, Fraud Section

Dated: January __, 2005