IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | SEALED ⑥ |
| Plaintiff, | : | UNSEALED 6/26/06 KJC |
| v. | : | Criminal Action No. 05-02-JJF |
| CRAIG A. HURST, | : | F I L E D |
| Defendant. | : | JAN 1 9 2005 |
| | | U.S. DISTRICT COURT DISTRICT OF DELAWARE |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Raja Chatterjee, Trial Attorney, Criminal Division, Fraud Section, and Edmund Daniel Lyons, Esq., attorney for the defendant, Craig A. Hurst (hereinafter "the defendant"), the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to waive indictment and plead guilty to a one-count Felony Information. Count I of the Felony Information charges him with conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). The maximum penalties for Count I of the Information are twenty (20) years imprisonment, a $500,000 fine or twice the value of the property involved in the conspiracy to launder money, whichever is greater, five years of supervised release following any term of imprisonment, and a $100 special assessment.

2. The defendant understands that if he were to proceed to trial on the aforementioned charge, the Government would have to prove beyond a reasonable doubt that:

    A.    From in or about September 2000 through in or about June 2001, in the District of Delaware and elsewhere, two or more persons knowingly conspired, or agreed, to violate Title 18, United States Code, Section 1956, to wit, to launder money; and

    B.    The defendant knowingly joined the conspiracy.

3. The defendant agrees to pay the special assessment of $100 at or before the time of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

4. The United States Department of Justice, Criminal Division, Fraud Section will not further criminally prosecute the defendant for the specific conduct described in this plea agreement. However, the defendant does not have immunity for crimes related to but not specifically set out in this plea agreement.

5. The defendant understands that the Federal Sentencing Guidelines play an advisory role at sentencing, and are not mandatory and binding on this Court. The Court has sole discretion to determine the appropriate sentence in this case within the statutory sentencing maximum. Although not binding on this Court, the parties agree that the Federal Sentencing Guidelines, utilizing the 2004 Guidelines Manual, apply in an advisory capacity as follows:

| | | |
|---|---|---|
| A) | Base offense level (2S1.1(a)(2)) | 8 |
| B) | Loss (2B1.1(b)(1)) | 16 |
| C) | Sophisticated Means (2B1.1(b)(9)) | 2 |
| D) | Acceptance (3E1.1(b)) | -3 |
| | Adjusted Offense Level | 23 (46-57 months) |

6. The parties agree, and the defendant knowingly, voluntarily, and intelligently admits:

A. That the total value of the laundered funds attributable to the defendant for purposes of calculating loss, pursuant to U.S.S.G. §2B1.1(b)(1), is between $1,000,000 and $2,500,000. The value of the laundered funds exceeds $1,300,000 based on money laundering transactions conducted by the defendant and his co-conspirators including, but not limited to, the following fraudulent check transactions:

| Date | Check # | Payer | Amount |
|---|---|---|---|
| 10/5/00 | 496876 | Dolgencorp | $511,493.94 |
| 11/15/00 | 55608 | Western Allied Systems of Denver | $92,662.15 |
| 3/30/01 | 1000019255 | Enron | $350,116.24 |
| 7/10/01 | 650449 | Compaq | $372,694.78 |
| **TOTAL** | | | **$1,326,967.10** |

7. In addition to the above mentioned transactions, in or about October 2000, the defendant laundered funds from three additional checks, in the amount of approximately $10,000-15,000 each, that were fraudulently made payable to Quorum.net and deposited into an account controlled by the defendant. The defendant also attempted to launder funds from a check issued by a law firm that was fraudulently made payable to Quorum.net, in the amount of approximately $300,000, and deposited into an account controlled by the defendant.

8. Based on information known by the Government to date, at the time of sentencing the United States will recommend a three (3) level reduction in the offense level for the defendant's affirmative acceptance of responsibility under U.S.S.G. §3E1.1(b). The United States will make this recommendation because the defendant has timely notified authorities of

3

his intention to enter a plea of guilty, thereby allowing the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

9. The defendant agrees not to seek any decreases in his advisory base offense level as set forth above. The defendant further agrees not to seek a downward departure for any reason from the above referenced advisory Sentencing Guidelines computation. Assuming that the defendant complies with the terms of this agreement, the Fraud Section also agrees not to seek an upward departure for any reason from the above referenced advisory Sentencing Guidelines computation. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of the advisory Sentencing Guidelines provisions contained herein.

10. The defendant agrees to cooperate fully and truthfully with the Government as follows:

>    A. The defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.
>
>    B. The defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Information of which he has knowledge, and any other crimes about which he has knowledge. The defendant further understands and agrees that (i) all information and cooperation provided pursuant to this agreement is on the record; and (ii) all information provided under any prior proffer letter shall be on the record as of the date of the defendant's entry of a guilty plea.

4

C. The defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

D. The defendant agrees to testify truthfully at any Grand Jury, hearing, or trial if called as a witness.

E. The defendant agrees to hold himself reasonably available for any interviews as the Government may require.

F. The defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

G. The defendant understands that he must cooperate with any law enforcement agency as requested by counsel for the Government.

H. To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until such time as the Government agrees that all relevant sentencing information is available.

I. The defendant agrees that if the Government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the Government and the defendant shall be subject to prosecution for any federal crime of which the Government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. The prosecution may be based on any information provided by the defendant during the course of his cooperation, and this

information may be used as evidence against him. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by him.

11. If the Government in its sole discretion determines that the defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the Government will:

    A. Make the nature and extent of the defendant's cooperation known to the Court.

    B. Make a motion to the Court recommending a downward departure from the advisory Sentencing Guidelines range pursuant to Sentencing Guideline §5K1.1 and/or Rule 35, or other appropriate Guideline or Rule, only if the Government, in its sole discretion, determines that the defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The defendant understands that, as of the date of this Memorandum of Plea Agreement, the Government has not yet determined whether his conduct qualifies for a Government recommendation of a downward departure from the advisory Sentencing Guidelines range pursuant to U.S.S.G. § 5K1.1.

    C. The defendant further understands that the Government in its sole discretion will decide whether and how to investigate any information provided by him. The defendant further understands that if he breaches this agreement in any way, including by committing a new crime after the date of this agreement, the Government will not file a substantial assistance motion.

    D. Make whatever sentencing recommendation the Government deems appropriate.

12. The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

13. The defendant understands that if it is discovered that statements made to the Government are untruthful in any material way this agreement is violated and becomes voidable by the Government. Whether any untruthful statement are considered material is a determination that the Government will make in its sole discretion.

14. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to provide and/or consent to the release of the defendant's tax returns for the previous five years.

15. The Defendant agrees to forfeit all interest in any money laundering-related asset that the defendant currently owns, has previously owned, or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense. The defendant admits that the proceeds of the money laundering conspiracy alleged in the Information is in excess of $1,000,000 and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

16. The defendant further agrees to waive all interest in any such asset described above in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or

7

federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

17. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this Agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, or substitute assets for property otherwise subject to forfeiture.

18. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing Court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. Furthermore, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

19. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____    BY: _____
Edmund Daniel Lyons, Esq.                Raja Chatterjee
Attorney for Defendant                    Trial Attorney
                                          Criminal Division, Fraud Section

_____
Craig A. Hurst
Defendant

Dated: JANUARY 19, 2005

**AND NOW** this __19__ day of __January__, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

9